UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR PERKINS,
    Plaintiff,

vs.                              Case No.: 3:20cv5418/MCR/EMT

MARK INCH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon referral from the clerk. Plaintiff, proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis (IFP) (ECF Nos. 1, 2). Plaintiff filed his IFP motion on the wrong form and failed to submit the required supporting documentation (*see* ECF No. 2). The court thus entered an order directing Plaintiff to refile a complete motion on the proper form, including all the required supporting documentation, or pay the $400 filing fee within thirty days (ECF No. 4). The undersigned directed the clerk of court to send Plaintiff the correct set of forms needed for filing a motion to proceed IFP and advised that failure to comply with the court's order as instructed could result in a recommendation that the case be dismissed (*id.*).

Case No.: 3:20cv5418/MCR/EMT

Plaintiff filed a second IFP motion (ECF No. 5), but he failed to provide the requisite supporting documentation—specifically, a Prisoner Consent Form and Financial Certificate signed by a prison official and an attached inmate account statement reflecting the activity in his inmate account for the preceding six-month period. The undersigned thus entered another order denying Plaintiff's motion without prejudice, directing the clerk of court to send Plaintiff a motion to proceed IFP and a Prisoner Consent Form and Financial Certificate, and allowing Plaintiff an additional thirty days in which to either pay the filing fee or file a fully completed motion to proceed IFP with the requisite supporting documentation (ECF No. 7).

After Plaintiff failed to comply within the time allowed, the court entered an order on July 6, 2020, directing Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court (ECF No. 8). The court advised that failure to comply with the order would result in a recommendation that the case be dismissed. Plaintiff responded to the show cause order by informing the court that he had been prevented from obtaining the supporting documentation because of quarantine due to COVID-19 and indicating he intended to pay the filing fee to avoid further delay (ECF No. 9). Plaintiff requested that the court provide "a time frame in which to pay the filing fee so as to prevent any dismissal of his 42 U.S.C. § 1983" (ECF No. 9 at 2). The undersigned

entered an order discharging the show cause order and allowing Plaintiff an additional thirty days in which to either pay the filing fee or file a fully completed IFP motion with the requisite supporting documentation (ECF No. 10).

Plaintiff failed to comply with the order within the time allowed. The court therefore entered an order on September 2, 2020, directing Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court (ECF No. 11). The court advised that failure to comply with the order would result in a recommendation that the case be dismissed. The time for compliance with the show cause order has now elapsed, and Plaintiff has neither paid the filing fee nor submitted an IFP motion.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 14th day of October 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:20cv5418/MCR/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**